## 67789. WEBSTER v. THE STATE.

DEEN, Presiding Judge.

Craig Benton Webster alleges numerous grounds as error in the trial court's denial of several pre-trial motions. He filed a notice of appeal in the Supreme Court on July 19, 1983. On July 21, the trial court gave him a Certificate of Immediate Review, but the record does not indicate that he ever applied for or was granted an interlocutory appeal. See requirements of OCGA § 5-6-34 (Code Ann. § 6-701). Only his allegation that he was subjected to double jeopardy is di-

rectly appealable and will be addressed by this court. *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982); *Nave v. State*, 166 Ga. App. 466 (304 SE2d 491) (1983). *Held*:

Appellant contends that the indictment charging him with driving while a habitual offender under OCGA § 40-5-58 (c) subjected him to double jeopardy since he had been previously convicted of the same offense under the same declaration from the Department of Public Safety declaring him to be a habitual violator.

There is no transcript of the hearing on his plea of double jeopardy and the record only contains a photocopy of a letter from the department which purportedly notified him that he has been declared to be a habitual violator. The dates of the alleged violations which led to this declaration are 10/19/79, 5/28/79, 10/11/78. The indictment alleges that he was driving under the influence on 1/7/83, and on that date was a habitual violator who operated a vehicle after receiving notice that his driver's license was revoked and that he had not received a valid driver's license after revocation. He argues he was discharged from his previous sentence by order of the superior court. We are, however, unable to find a copy of that order in the record. Nevertheless, driving a motor vehicle after revocation of a license upon being declared a habitual violator is separate and distinct from the offense which led to his being declared to be a habitual violator. *Smith v. State*, 248 Ga. 828, 830 (286 SE2d 709) (1982). Thus, it is not necessary to prove the defendant's prior convictions on a prosecution under the habitual violator statute. *Id*. The state is required to prove "that the defendant was declared an habitual violator; that his license was revoked; that he received notice that his license was revoked because of his status as an habitual violator; and, that he operated a motor vehicle in this state without having obtained a valid driver's license." *Noles v. State*, 164 Ga. App. 191, 192-193 (296 SE2d 768) (1982). The very essence of the crime is driving after being declared to be a habitual violator. *Kimbrell v. State*, 164 Ga. App. 344, 346 (296 SE2d 206) (1982).

Accordingly, we find that the trial court did not err in overruling appellant's plea of former jeopardy.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 15, 1984 —
REHEARING DENIED MARCH 5, 1984 —

*J. Walter Cowart*, for appellant.
*Spencer Lawton, Jr., District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.