## 74072. THE STATE v. BELL.

(357 SE2d 596)

McMurray, Presiding Judge.

Appellee was indicted for the offenses of "operating a motor vehicle after revocation of motor vehicle license as an habitual violator" (Count 1) and "operating a motor vehicle without a valid numbered license plate to operate same for the ensuing year" (Count 2). His motion to quash the indictment was granted by the trial court as to Count 1. The following facts were stipulated at the hearing upon appellee's motion:

Appellee Timothy Bell was declared an habitual violator by the Department of Public Safety on February 11, 1986, under the provisions of OCGA § 40-5-58, and was served with notice of his status on April 14, 1986. (Appellee only stipulated, as to notice, that the records in possession of the State would show notice but proof remained until trial.) On June 20, 1986, he was arrested and charged with the offenses in this case. Appellee filed a petition for writ of habeas corpus on July 22, 1986. He attacked two of the three convictions upon which his designation as an habitual violator was based on grounds that these convictions did not show that he had made knowing or intelligent waivers of his rights to counsel and/or trial by jury. On August 18, 1986, appellee was indicted by the grand jury and on August 28, 1986, appellee was granted relief pursuant to his writ of habeas corpus on the basis of the grounds alleged. Thus, two of the offenses underlying appellee's declaration as an habitual violator were stricken.

The State appeals under OCGA § 5-7-1 (1) from the quashing of Count 1 of the indictment by the trial court. *Held*:

"[I]t is not necessary to prove the defendant's prior convictions on a prosecution under the habitual violator statute . . . The state is required to prove 'that the defendant was declared an habitual violator; that his license was revoked; that he received notice that his license was revoked because of his status as an habitual violator; and, that he operated a motor vehicle in this state without having obtained a valid driver's license.' [Cit.]" *Webster v. State*, 170 Ga. App. 102, 103 (316 SE2d 503). That being so, the validity of the prior convictions is not an issue, and a person cannot make it one by defending on the ground that one or more of the convictions have been set aside following the prohibited driving. *Smith v. State*, 248 Ga. 828, 830 (3) (286 SE2d 709). "The very essence of the crime is driving after being declared to be an habitual violator. *Kimbrell v. State*, 164 Ga. App. 344, 346 (296 SE2d 206) (1982)." *Webster v. State*, supra at 103.

It follows that the crucial date, insofar as habitual violator status is concerned, is the date of driving, not the date on which the status is challenged or set aside. If the person is driving despite notification

that he may not do so because he has been declared an habitual violator, he is flaunting the law even if one or more of the underlying convictions is voidable. When continuing to drive instead of challenging the convictions upon notification of habitual violator status, as he could do by administrative review (*Hardison v. Shepard*, 246 Ga. 196 (269 SE2d 458); OCGA § 40-5-66) or by habeas corpus (*Hardison v. Martin*, 254 Ga. 719 (334 SE2d 161) (1985)), he is then in violation of OCGA § 40-5-58 (c). Of course, the person may petition for habeas corpus *after* the offense is committed, as appellee did successfully on August 28, 1986. In that way, the person will bring an end to the ongoing habitual violator status. But that will not affect the person's guilt or innocence with regard to the offense of driving a motor vehicle after being declared to be an habitual violator.

*Judgment reversed. Sognier and Beasley, JJ., concur.*

DECIDED MAY 1, 1987 —
REHEARING DENIED MAY 14, 1987 — 

*Robert E. Wilson*, District Attorney, *Nelly F. Withers*, Assistant District Attorney, for appellant.

*Ira G. Brownlow, Jr.*, for appellee.