## 74506. THE STATE v. TART.
(359 SE2d 722)

BIRDSONG, Chief Judge.

The State of Georgia appeals from the judgment of the Rockdale Superior Court, which quashed an indictment alleging Glenn B. Tart operated his motor vehicle on May 10 and August 22, 1986, after having received notice of the revocation of his driver's license because of being declared a habitual violator by the Department of Public Safety.

The record does not contain the habitual violator notice to Tart and thus it cannot be determined on appeal the exact number and specific offenses relied upon by the State in its classification of Tart as a habitual violator. However, the sufficiency of the evidence to prove the offense charged is not in issue on a motion to quash. See *Lastinger v. State*, 84 Ga. App. 760 (1) (67 SE2d 411). The facts set forth in Tart's motion to quash are not contested, and they show Tart was classified a habitual violator on convictions in (a) Newton County Probate Court on July 10, 1985, for the offense of driving while his driver's license had been "suspended/revoked," (b) Newton County Probate Court on July 10, 1985, for driving under the influence, and (c) Rockdale County Probate Court on December 12, 1985, on a charge of driving while his license was "suspended/revoked."

Following his arrest on May 10, Tart filed a petition on July 22, 1986, for a writ of habeas corpus in the Fulton County Superior Court

to set aside his convictions in the Newton and Rockdale Probate Courts. That petition was granted on September 18, 1986. The court held those convictions were "null and void" and directed the Commissioner of Public Safety to rescind Tart's habitual violator status and to reinstate his driver's license.

On November 18, 1986, Tart was indicted for his traffic offenses of May 10 and August 22. He was brought to trial on January 13, 1987, and his motion to quash was granted and filed on January 14, 1987. The State has filed this appeal. *Held*:

At issue in this appeal is the legal sufficiency of an indictment on November 18, 1986, for alleged offenses occurring on May 10 and August 22, 1986, based on the operation of a motor vehicle on those dates after being declared a habitual violator on February 7, 1986, when the offenses upon which the habitual violator status was based, were set aside as "null and void" on September 18, 1986.

"[I]t is not necessary to prove the defendant's prior convictions on a prosecution under the habitual violator statute. [Cit.] The state is required to prove 'that the defendant was declared an habitual violator; . . . and, that he operated a motor vehicle in this state without having obtained a valid driver's license.' [Cit.] [It is the contemptuous disregard for the law that forms] [t]he very essence of the crime [of] driving after being declared to be a habitual violator. *Kimbrell v. State*, 164 Ga. App. 344, 346 (296 SE2d 206) (1982)." *Webster v. State*, 170 Ga. App. 102, 103 (316 SE2d 503). "[D]riving a motor vehicle after revocation of a license upon being declared a habitual violator is an offense separate and distinct from the offenses which led to the driver's being declared a habitual violator. *Flakes v. State*, 243 Ga. 699 (3) (256 SE2d 379) (1979); *Bollen v. State*, 155 Ga. App. 181 (270 SE2d 227) (1980). Accordingly [these cases] hold that Code Ann. § 68B-308 (c) [now OCGA § 40-5-58 (c)] is not a recidivist statute and that in a prosecution under this statute it is not necessary to prove the defendant's prior convictions." *Smith v. State*, 248 Ga. 828, 830 (286 SE2d 709). Hence, "insofar as habitual violator status is concerned, [the crucial date] is the date of driving, not the date on which the status is challenged or [the prior convictions] set aside. If the person is driving despite notification that he may not do so because he has been declared an habitual violator, he is flaunting the law even if one or more of the underlying convictions is voidable." *State v. Bell*, 182 Ga. App. 860 (357 SE2d 596). It follows that the indictment is not defective and was not subject to the motion to quash.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 1, 1987 —
REHEARING DENIED JULY 16, 1987.

*Robert F. Mumford, District Attorney*, for appellant.
*I. B. Brownlow, Jr.*, for appellee.