A91A1672. THE STATE v. PATTEE.
(411 SE2d 751)

BIRDSONG, Presiding Judge.

An accusation was filed against appellee James Richard Pattee for failing to leave the campus of a public school when directed, in violation of OCGA § 16-11-35. The trial court granted Pattee's motion to quash and dismiss the criminal warrant, and the State appeals pursuant to OCGA § 5-7-1 (1). *Held*:

OCGA § 16-11-35 (b) provides that any person who is not a student, officer or employee of a public school who commits "any act likely to interfere with the peaceful conduct of the activities of the campus or facility, or has entered the campus or facility for the purpose of committing any such act," may be directed by the proper authorities to leave; and if he fails to do so he shall be guilty of a misdemeanor.

The warrant sworn out against Pattee by the Superintendent of the Union County Board of Education charged that on February 8, 1991, he came to the high school his son attended "to bring his son food from his pizza place, then entered the cafeteria and had lunch with his son. [Pattee] came back on February 11th with more pizza and coke, when the school principal told him that school policy was that no commercial food was to be taken in the cafeteria, but he and his son could eat in his office. [Pattee] came back on the 13th of February and was asked to leave the school property [and] after a discussion he refused. [Pattee) would not leave until the Police Department arrived on the scene. [Pattee] did interfere with the peaceful conduct of the activities of the cafeteria."

Pattee's motion to quash and dismiss the criminal warrant, filed March 22, 1991, stated that he owned and managed a restaurant in Blairsville, Georgia, and that it was more practical for him to prepare lunch for his son there instead of closing his business and traveling to his home to prepare the meal; that on February 11 the principal of Union County High School requested him not to bring "commercial" food to the school for his son's lunch; that on February 13, in an attempt to comply with this request he prepared a lunch for his son at the restaurant consisting of two roast beef sandwiches, two desserts

and potato chips, all of which were wrapped in clear plastic wrap, placed in a plain white paper bag and taken to the high school; and that neither the food wrappings nor the lunch bag reflected any commercial markings whatsoever. The motion contended that since no written policy existed regarding food brought to the high school by parents of students, particularly the prohibition of commercial food, Pattee did not "interfere with the peaceful conduct of the activities of the cafeteria."

On April 24, 1991, an accusation was filed against Pattee charging him with "failure to leave campus when directed (public school)." Pattee made bond and appeared as instructed before the court for arraignment on May 2. Also present in court were the district attorney and his investigator. When the trial judge announced that he was ready to hear the motion to quash, the district attorney advised the court that the assistant district attorney assigned to the case was not there. No reason was given for his absence, nor was a motion made to continue the hearing until he could be present. The court announced that it would like to go forward with the hearing and asked the investigator if he had checked out the case and knew the facts. The investigator replied: "Your Honor, I talked to [the assistant district attorney] yesterday in Rabun County concerning this case and he indicated to me that although he couldn't be here this morning, as of right now he does not have enough evidence to pursue this case any further. He could not find where the law had been broken as far as a . . . Georgia statute."

Upon inquiry of the court as to what the facts were, the investigator replied that he understood Pattee had carried lunch to his son on maybe more than one occasion to eat with him, and that he also understood that "maybe the first time he went in he probably had his restaurant name on the sack, is that not true?" The district attorney then stated that his understanding was that when Pattee went to the school the first time with lunch for his son he was told that "that was against school policy but they let him eat with his son that day in the lunchroom and then he went back the second day and they told him again that he couldn't and on that day they did allow the son to go out and eat with him in his car, and the third day he came back they charged him. . . ." After Pattee's attorney gave an account of his version of what had occurred, the trial court commented it was "not going to be used to . . . charge and try people for criminal offenses for violation of some little regulation they have at school," and dismissed the case by order filed the same day.

Subsequently the court filed a written finding of facts stating that Pattee had been asked to leave the school when he brought his son lunch and attempted to eat with him for the third time; and that the warrant indicated that Pattee had violated school policy in that

he brought "commercial food" to the school and refused to leave when asked to do so. The court concluded that Pattee's conduct did not rise to the level of criminal activity and was not a matter for criminal prosecution; that the school should handle the matter administratively; and that at most it might justify a civil petition for injunction. The State contends that the trial court erred in granting the motion to quash, thereby dismissing the case and barring any further criminal prosecution.

We are familiar with the principles of law cited by appellant, that a motion to quash is nothing more than a demurrer and therefore not a proper method for attacking an indictment or accusation for any defect not appearing on its face. See, e.g., *State v. Eubanks*, 239 Ga. 483 (238 SE2d 38); *State v. O'Quinn*, 192 Ga. App. 359 (2) (384 SE2d 888); *State v. Hooper*, 132 Ga. App. 413 (208 SE2d 161). Thus, "the sufficiency of the evidence to prove the offense charged is not in issue on a motion to quash. [Cit.]" *State v. Tart*, 183 Ga. App. 737 (359 SE2d 722). As reasoned by the Supreme Court, "[w]e know of no rule of law that would permit an indictment to be quashed on the ground that the state's subsequent proof might not authorize a conviction for the offense charged in the indictment. Such a rule would be incapable of application for the reason that at this stage of the proceedings — post indictment, pre-trial — no one knows what the state's proof will show." *Foster v. State*, 239 Ga. 302, 303 (236 SE2d 644).

Pattee argues that OCGA § 16-11-35 is a trespass statute which protects school activities from unauthorized disruption; and since his act of bringing lunch to his son could not be construed as a criminal disruption of the peaceful conduct of the cafeteria, particularly when there was no trespass on the cafeteria premises, the arrest warrant and accusation were defective on their face and subject to a motion to quash. However, the argument fails to meet the test endorsed by this court that "an indictment is insufficient to withstand a demurrer if all of the facts which the indictment charges can be admitted and still the accused is innocent, *but the indictment is sufficient, if taking the facts alleged as proven, the guilt of the accused follows as a legal conclusion.* [Cit.]" (Emphasis supplied.) *State v. Greene*, 171 Ga. App. 329, 331 (320 SE2d 183). See also *Green v. State*, 194 Ga. App. 343 (5) (390 SE2d 285). If the facts alleged in the arrest warrant and accusation are taken as true, Pattee's guilt could follow as a legal conclusion. If Pattee's version of what occurred was accepted, there would, of course, be no statutory violation, but the sufficiency of the evidence to prove the offense is not a proper issue for resolution by a motion to quash. *Tart*, supra.

Nevertheless, we think the trial judge's dismissal should be affirmed here because it was shown at the hearing that the case was not going to be presented to the grand jury for indictment or tried on the

accusation as submitted. Once it was conceded by the district attorney's investigator, apparently without objection by the district attorney, that the assistant district attorney prosecuting the case for the State had stated that after investigating the case to date there was not enough evidence to pursue it further and he could not find where a Georgia law had been broken, he necessarily confirmed before the court that the facts alleged in the arrest warrant and accusation did not constitute a violation of the law and a motion to quash was proper. A party's acquiescence to the ruling of a trial court deprives the party of a right to complain of that ruling on appeal (*Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536)), and acquiescence can be caused by silence (*Horan v. Pirkle*, 197 Ga. App. 151 (1) (397 SE2d 734)). Further, the district attorney had an adequate opportunity both to refute the comments of his investigator and to contest the motion to quash on the record, but he elected not to do so. Thus, the State has waived its right to now raise this issue on appeal. *Tatum v. State*, 259 Ga. 284, 287 (3) (380 SE2d 253). Additionally, it is a well established appellate rule of this State that an appellant cannot, as here, complain of a result his own procedure or conduct aided in causing. *Wilburn v. State*, 199 Ga. App. 667, 669 (405 SE2d 889); see *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251). Under these circumstances, we can perceive no valid interest to be served in reversing the trial court's ruling.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED OCTOBER 15, 1991 —
RECONSIDERATION DENIED OCTOBER 31, 1991 — 

*Michael H. Crawford, District Attorney*, for appellant.
*Mikele S. Carter*, for appellee.