A91A2039. THE STATE v. OLIVER.
(415 SE2d 54)

BIRDSONG, Presiding Judge.

The State appeals from the trial court's order which dismissed a count of an indictment alleging John Bradley Oliver violated OCGA § 40-5-58 (c) because the 1990 amendment to OCGA § 40-5-58 eliminated convictions for driving on a suspended license as one of the offenses for which one could be declared an habitual violator. See *Galletta v. Hardison,* 168 Ga. App. 36 (308 SE2d 47). The record shows that Oliver was indicted for operating a motor vehicle on May 18, 1991, within five years after he had been declared an habitual violator under the provisions of OCGA § 40-5-58 (a) (1). After the trial court granted Oliver's oral motion to dismiss the habitual violator count because of the change in the law, the State appealed. *Held*:

On May 16, 1987, Oliver was declared an habitual violator and his driver's license was revoked because he had been convicted of driving on a suspended license on April 11, 1986, driving under the influence of alcohol on February 28, 1987, and driving on a suspended license on that same date. On January 1, 1991, however, the 1990

amendment (Ga. L. 1990, p. 2048, § 4) to OCGA § 40-5-58 (a) became effective and convictions for driving on a suspended license (OCGA § 40-5-121) were eliminated as offenses which could be used to support habitual violator status.

Oliver's reliance on *Galletta v. Hardison*, supra, is misplaced. *Galletta* was an appeal of the decision to declare Galletta an habitual violator and the issue on appeal was whether a similar change in the law was sufficient to make an administrative habitual violator determination invalid. In the instant appeal, Oliver had been declared officially an habitual violator and that decision was no longer subject to administrative appeal. A change in the law after one has been declared an habitual violator does not automatically rescind that status. "If the person is driving despite notification that he may not do so because he has been declared an habitual violator, he is [flouting] the law even if one or more of the underlying convictions is voidable. When continuing to drive instead of challenging the convictions upon notification of habitual violator status . . . he is then in violation of OCGA § 40-5-58 (c)." *State v. Bell*, 182 Ga. App. 860-861 (357 SE2d 596).

It is unnecessary to prove the defendant's prior convictions in an habitual violator prosecution. The State is required only to prove the defendant was declared an habitual violator and he operated a motor vehicle in this state without having obtained a valid driver's license. The contemptuous disregard for the law by driving after being declared to be an habitual violator forms the essence of this crime, and this is an offense separate and distinct from the offenses which led to the driver being declared an habitual violator. Further, OCGA § 40-5-58 (c) is not a recidivist statute and proof of the defendant's prior convictions is unnecessary. *State v. Tart*, 183 Ga. App. 737, 738 (359 SE2d 722).

Accordingly, the trial court erred by dismissing the habitual violator count of the indictment.

*Judgment reversed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 29, 1992.

*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney*, for appellant.
*Barkley & Garner, Richard E. Barnes*, for appellee.