## A92A1699. YOUMANS v. THE STATE.
(427 SE2d 848)

COOPER, Judge.

Appellant was arrested in October 1986 for the offenses of operating a motor vehicle after being declared an habitual violator and driving under the influence of alcohol (two counts). Appellant's habitual violator status was based on a 1985 conviction for driving with a suspended license. When appellant failed to appear at his arraignment, a bench warrant was issued which remained outstanding until January 1992 when appellant was arrested. Appellant filed a plea in abatement, contending that the habitual violator charge was not valid because in 1990 the legislature changed the law to remove suspension of a license as a foundation for habitual violator status. The trial court denied the plea in abatement, and the case was tried before the court on stipulated facts. Appellant was found guilty on all the charges, and his sole enumeration of error on appeal is the denial of his plea in abatement.

Appellant stipulated to the fact that at the time of his arrest in October 1986 he had been properly served with his notice of habitual violator status. By the time appellant's case came to trial in 1992, the delay being due to the outstanding bench warrant, the legislature had amended the habitual violator statute such that convictions for driving with a suspended license were eliminated as offenses which would support habitual violator status. Appellant's case is controlled by *State v. Oliver*, 202 Ga. App. 613 (415 SE2d 54) (1992). In that case we stated that "[a] change in the law after one has been declared an habitual violator does not automatically rescind that status. 'If the person is driving despite notification that he may not do so because

he has been declared an habitual violator, he is (flouting) the law even if one or more of the underlying convictions is voidable. . . .' [Cit.]" Id. at 614. Appellant argues that his case is distinguished from *Oliver* because the Department of Public Safety removed his habitual violator status. Appellant's argument is not supported by either the evidence or the law. The record reflects that appellant was issued a valid driver's license by the Department of Public Safety in January 1992, but it does not indicate, as appellant suggests, that the license was issued because his habitual violator status had been voided. Furthermore, as we stated in *Oliver*, "[t]he contemptuous disregard for the law by driving after being declared to be an habitual violator forms the essence of this crime, and this is an offense separate and distinct from the offenses which led to the driver being declared an habitual violator." *Oliver*, supra at 614. Accordingly, we find no error in the trial court's denial of appellant's plea in abatement.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 17, 1993.

*J. Phillip Hancock*, for appellant.

*Robert E. Wilson, District Attorney, Jeffrey H. Brickman, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.