## A98A1730. THE STATE v. ROBERTS.
(507 SE2d 194)

JOHNSON, Presiding Judge.

In this case, the trial court granted Rebecca Roberts' motion to quash, finding the facts in the indictment were insufficient to constitute a crime. The state appeals. We reverse.

The indictment at issue, which charges Roberts and two other individuals with child molestation and cruelty to children, states that Roberts "did act as a party to the crime in that she did aid, abet and encourage [two other individuals] by her failure to take steps to

protect [her] child and by her failure to report said abuse."

1. Roberts moves this Court to dismiss the appeal as moot since the two other individuals with whom Roberts was indicted as a party to a crime were each acquitted of all charges against them. However, in Georgia, "[a]ny party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that [s]he was a party thereto, although the person claimed to have directly committed the crime . . . has been acquitted." OCGA § 16-2-21. Thus, while the acquittal of the principals may be introduced by Roberts as some evidence that she did not aid, abet, or encourage any crime of child molestation or cruelty to children, it does not preclude her from being indicted, tried, convicted or punished for commission of the crime. See *White v. State*, 257 Ga. 236 (356 SE2d 875) (1987). Roberts' motion to dismiss is denied.

2. The state argues that the trial court erred in quashing Roberts' indictment because her presence and failure to act equals aiding and abetting and subjects Roberts to criminal liability. "[A]n indictment is insufficient to withstand a demurrer if all of the facts which the indictment charges can be admitted and still the accused is innocent, but the indictment is sufficient, if taking the facts alleged as proven, the guilt of the accused follows as a legal conclusion." (Citations omitted.) *State v. Pattee*, 201 Ga. App. 690, 692 (411 SE2d 751) (1991).

While the indictment is not artfully crafted, we cannot agree with the trial court's conclusion that the indictment does not allege a crime under the laws of the state of Georgia. The counts of the indictment specifically allege facts constituting child molestation and cruelty to children. They also allege that Roberts aided, abetted and encouraged such conduct by failing to protect her child and failing to report the conduct. Contrary to the trial court's finding, the indictment does not allege mere presence at the scene. The indictment specifies that Roberts aided, abetted and encouraged the two individuals charged with committing child molestation and cruelty to children. Aiding, abetting and encouraging plainly denotes knowledge on the part of the accused. Moreover, the state correctly notes that OCGA § 19-7-2 gives a parent a duty to protect his or her child. The indictment is sufficient in that it alleges acts which if committed would violate the law of this state. See *Pattee*, supra.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 17, 1998 —
RECONSIDERATION DENIED SEPTEMBER 25, 1998 —

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellant.
*Macklyn A. Smith*, for appellee.