A06A0953, A06A0954. THE STATE v. DANIELS (two cases).
(635 SE2d 835)

MIKELL, Judge.

The state appeals the dismissal of several counts of two indictments charging Antonio Daniels as a party to the crime of aggravated assault allegedly committed with a co-defendant, Alfarus James Clay. We affirm the dismissal as to the first indictment, no. 05R644, but reverse the dismissal as to the second indictment, no. 05R754. Accordingly, we affirm the judgment in Case No. A06A0953 and reverse the judgment in Case No. A06A0954. The cases are consolidated for disposition in a single opinion, and the relevant facts follow.

The first indictment, no. 05R644, returned by the grand jury on June 22, 2005, charged Daniels in Counts 5, 6, and 7, as a party to the crime of aggravated assault in that he "did encourage, aid, or abet ... Clay and others by informing them that the victim . . . was in possession of a sum of cash, with knowledge that they were looking for someone to rob."

The superseding indictment,[1] no. 05R754, which was returned on July 28, 2005, included the elements of aggravated assault in the four counts charging Daniels as a party to that crime. Count 6 stated that he

> did encourage, aid, or abet . . . Clay and others . . . by informing them that the victim Ricky Barnes was in possession of a sum of cash, with knowledge that . . . Clay and others unknown were looking for someone to rob, therefore . . . Clay and others unknown . . . entered the residence . . . , Clay was in possession of a firearm, a weapon which when used offensively is likely to cause serious bodily injury and did assault . . . Barnes with said handgun by shooting [him] in the leg.

Counts 7, 8, and 9 were worded similarly with regard to Daniels, but alleged that Clay assaulted Barnes by hitting him with the gun (Count 7) and pointing the gun at his head (Count 8), and that Clay assaulted a second victim by pointing the gun at her head (Count 9).

Daniels filed a general demurrer to Counts 5, 6, and 7 of the first indictment on the ground that those counts failed to set out the elements of aggravated assault. Apparently, he filed a general demurrer to the superseding indictment as well, but that document is

---

[1] An indictment obtained without the dismissal of a previous indictment is a superseding indictment. *Smith v. State*, 279 Ga. 396 (1) (614 SE2d 79) (2005); *Larochelle v. State*, 219 Ga. App. 792, 794 (2) (466 SE2d 672) (1996).

not contained in the record on appeal.[2] At the hearing held on the demurrers, the state offered to nolle pros the first indictment. The trial court thus conducted the hearing under the assumption that the state would nolle pros the first indictment and would proceed under indictment no. 05R754. The state then argued that the second indictment sufficiently charged Daniels as a party to the crime of aggravated assault, whether committed with intent to rob or with a deadly weapon. The trial court disagreed. The court concluded that the state's failure to allege in Counts 6, 7, 8, and 9 that the assault was committed by Clay with the intent to rob rendered the indictment fatally defective as to Daniels.

1. The state argues that the trial court erred in sustaining Daniels' general demurrer to Counts 5, 6, and 7 of the original indictment. We disagree. First, the state cannot complain, because any error in the trial court's dismissal of the first indictment was induced by the prosecutor's offer to nolle pros that instrument. It is well settled that induced error is impermissible and furnishes no ground for reversal.[3]

In any event, the trial court properly quashed the indictment as to Daniels because it failed to set forth the elements of aggravated assault, the crime to which Daniels was charged with being a party.[4] "[T]here can be no conviction for the commission of a crime an essential element of which is not charged in the indictment."[5]

> A criminal indictment which does not recite language from the Code must allege every essential element of the crime charged. Furthermore, each count set forth in an indictment must be wholly complete within itself, and plainly, fully, and distinctly set out the crime charged in that count. Aggravated assault has two essential elements: (1) an attempt to commit a violent injury, or an act that places another in reasonable apprehension thereof, *and* (2) that the assault

---

[2] Although the record on appeal does not contain a general demurrer to the superseding indictment, the trial court's order recites that Daniels filed one, and the state in its appellate brief recites that such was filed. As an indictment may be quashed on oral motion, *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993), the absence of the written general demurrer from the record does not affect the outcome.

[3] See *State v. Finkelstein*, 170 Ga. App. 608, 609 (2) (317 SE2d 648) (1984).

[4] Compare *State v. Roberts*, 234 Ga. App. 522, 523 (2) (507 SE2d 194) (1998) (counts of indictment charging defendant as party to crime specifically alleged facts constituting child molestation and cruelty to children; order quashing indictment reversed).

[5] (Punctuation and footnote omitted.) *Smith v. Hardrick*, 266 Ga. 54, 55 (1) (464 SE2d 198) (1995).

was aggravated by either (a) an intention to murder, rape or rob, or (b) the use of a deadly weapon.[6]

Finally, "[a]llegations set forth in one count of an indictment cannot be imputed to a separate count, absent specific reference to the allegation sought to be imputed."[7] Counts 1 through 4 of the original indictment in this case charged Clay, Daniels' co-defendant, with aggravated assault and set out the elements of the offense; Counts 5 through 7 charged Daniels as a party to the crime of aggravated assault but did not set forth the elements of that offense. As the allegations in Counts 1 through 4 may not be imputed to Counts 5 through 7, the trial court properly quashed those counts of the indictment.

2. The superseding indictment does not suffer the same fatal flaw as the original indictment.

The true test of the sufficiency of an indictment that will withstand a *general* demurrer is as follows: If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good.[8]

The counts of the superseding indictment to which Daniels demurred charged him

with the offense of Party to the Crime of Aggravated Assault; for that the said accused . . . did encourage, aid or abet . . . Clay and others by informing them that the victim . . . was in possession of a sum of cash, with knowledge that . . . Clay and others unknown were looking for someone to rob, there-fore . . . Clay was in possession of a firearm, a weapon which when used offensively is likely to cause serious bodily injury and did assault [the victims] with said handgun [by shooting Barnes in the leg, hitting him with the gun, pointing the gun at his head and pulling the trigger, and pointing the gun at the second victim's head].

---

[6] (Punctuation omitted; emphasis in original.) *State v. Bolman*, 222 Ga. App. 534 (474 SE2d 721) (1996), citing *Smith v. Hardrick*, supra.

[7] (Footnote omitted.) *Smith v. Hardrick*, supra at 56 (3). See also *Polk v. State*, 275 Ga. App. 467, 468-469 (1) (620 SE2d 857) (2005).

[8] (Citation and punctuation omitted; emphasis supplied.) *Dunbar*, supra.

Pursuant to the above-stated test, Counts 6, 7, 8, and 9 of the superseding indictment are sufficient to withstand Daniels' general demurrer because he cannot admit all of the facts stated in those counts and still be innocent of the offense of party to the crime of aggravated assault. With regard to the "party to the crime" charge, OCGA § 16-2-20 states that "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. A person is concerned in the commission of a crime only if he: . . . (3) [i]ntentionally aids or abets in the commission of the crime; or (4) [i]ntentionally advises, encourages, hires, counsels, or procures another to commit the crime."[9] The language in the indictment that Daniels "did encourage, aid, or abet" Clay and others in committing aggravated assault "with knowledge" that they were looking for someone to rob satisfies OCGA § 16-2-20.[10]

Moreover, the elements of aggravated assault were sufficiently set out in Counts 6, 7, 8, and 9 of the superseding indictment. Under OCGA § 16-5-21 (a), "[a] person commits the offense of aggravated assault when he or she assaults: (1) [w]ith intent to murder, to rape, or to rob; [or] (2) [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[11] The language as to Clay's actions alleges that he committed an assault by the use of a deadly weapon. The trial court concluded that the counts of the indictment at issue were insufficient to withstand demurrer because they stated that Daniels had knowledge of Clay's intent to rob the victims but alleged that the assault was committed in a different manner; i.e., with a deadly weapon. We recognize that

> [w]hen a defendant is charged with the violation of a penal statute containing disjunctively several ways or methods a crime may be committed, proof of any one of which is sufficient to constitute the crime, the indictment, in order to be good as against a special demurrer, must charge such ways or methods conjunctively if it charges more than one of them.[12]

---

[9] OCGA § 16-2-20 (a), (b).

[10] See *Roberts*, supra ("[a]iding, abetting and encouraging plainly denotes knowledge on the part of the accused").

[11] OCGA § 16-5-21 (a); see also *Thompson v. State*, 277 Ga. App. 323 (1) (626 SE2d 825) (2006).

[12] (Punctuation and footnote omitted.) *Gutierrez v. State*, 235 Ga. App. 878, 882 (3) (510 SE2d 570) (1999).

OCGA § 16-5-21 (a) is worded disjunctively, and the indictment under consideration here charges disjunctively, contrary to the state's contention. But this does not render the indictment fatally defective as to Daniels. It simply limits the state's option of proving at trial the manner in which the aggravated assault was committed. Accordingly, we reverse the trial court's dismissal of Counts 6 through 9 of indictment no. 05R754.

*Judgment affirmed in Case No. A06A0953. Judgment reversed in Case No. A06A0954. Blackburn, P. J., and Adams, J., concur.*

DECIDED AUGUST 22, 2006.

*Kenneth B. Hodges III, District Attorney, Christopher S. Cohilas, Gregory W. Edwards, Assistant District Attorneys*, for appellant.
*Leisa G. Terry, Leonard Farkas*, for appellee.