**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 31, 2025**

# In the Court of Appeals of Georgia

A25A1263. BUTLER v. THE STATE OF GEORGIA.

WATKINS, Judge.

David Butler appeals an order of the Superior Court of Fulton County which vacated an order of the Municipal Court of Atlanta and remanded back to the municipal court a charge which the municipal prosecutor upgraded from a code violation to a state law misdemeanor. For the reasons herein, we reverse.

Butler was originally cited for violations of two Atlanta city ordinances: destruction of property and disorderly conduct.[1] The citation accused Butler of throwing a brick through the window of a home. On October 10, 2023, following a first appearance, the municipal court ordered the Department of Corrections to conduct

---

[1] Municipal Code of Atlanta §§ 106-53; 106-81 (2).

an evaluation of Butler and report whether Butler was competent to stand trial. It is undisputed that the evaluation found Butler not to be competent. Before Butler's next court appearance, the municipal prosecutor attempted to upgrade Butler's charges from code violations to the state misdemeanor offense of criminal trespass.[2]

At the next hearing, the municipal prosecutor asked that the case be transferred to the State Court of Fulton County, the court which the parties agree has jurisdiction over state law offenses.[3] The municipal court did not permit the municipal prosecutor to upgrade the charges and, instead, over the prosecutor's objection, dismissed the code violations "based upon the finding of incompetence[.]"[4] Specifically, the municipal court stated:

---

[2] OCGA § 16-7-21 (a), (d).

[3] See OCGA § 15-7-4 (a) (1) ("Each state court shall have jurisdiction, within the territorial limits of the county or counties for which it was created and concurrent with the superior courts, over the following matters: . . . [t]he trial of criminal cases below the grade of felony[.]").

[4] During the hearing the municipal prosecutor stated "Mr. Butler is currently not being brought over according to [an officer] because he is on standby to be taken to Grady Behavioral Health. His mental state has deteriorated to such that it would be unsafe for him to be transported and not have the ability to be taken at a moment's notice to Grady[.]"

So basically what we have here is I guess a potential upgrading of the charges despite any evidence being presented to the court. And in this regard we have also a determination of mental incompetency on behalf of the defendant, which means that defendant cannot participate, and it says, counsel, based upon his inability to understand the nature of the proceedings, and in that regard, the Court states that the case will be dismissed based upon the finding of incompetence[.]

The municipal prosecutor petitioned for review to the Superior Court of Fulton County. That court vacated the municipal court's order with direction. The superior court found that the municipal court erred in dismissing the charges on competency grounds, in refusing to allow the municipal prosecutor to upgrade the charge, and in refusing to transfer the case to the state court for competency proceedings. The superior court remanded the case to the municipal court on the criminal trespass misdemeanor charge, and instructed the municipal court to inform Butler about the amended charge and to ask him how he pleaded to the new charge; if Butler raised a special plea contesting his competency, the municipal court was directed to transfer the case to the state court as "the court authorized to handle competency issues and to try and dispose of the underlying state misdemeanor offense." Butler sought discretionary review of this order, which this Court granted.

1. Butler contends that the superior court erred in remanding the case for arraignment on the criminal trespass misdemeanor charge because the municipal prosecutor lacked the authority to charge that crime. We agree.

Municipal courts have limited and statutorily defined jurisdiction. Specifically, they have "jurisdiction over the violation of municipal ordinances and over such other matters as are by general law made subject to the jurisdiction of municipal courts."[5] While Georgia law grants municipal courts jurisdiction over some misdemeanor charges, such as some traffic offenses,[6] the parties do not dispute that the Municipal Court of Atlanta does not have jurisdiction to try a criminal trespass charge.[7]

Municipal prosecutors likewise have limited and statutorily defined charging authority.

---

[5] See OCGA § 36-32-1 (a).

[6] See of OCGA § 40-13-21 (a).

[7] Appellee's reliance on a case involving prosecution of a DUI charge is inapposite because the municipal court had statutory authority to exercise jurisdiction over the charge. See *Kolker v. State*, 260 Ga. 240, 243 (391 SE2d 391) (1990) (holding that a defendant's plea of nolo contendere to a misdemeanor DUI charge in a municipal court was valid because the General Assembly was permitted by the Georgia Constitution to grant municipal court jurisdiction to try certain traffic offenses).

When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.[8]

Georgia law defines the scope of prosecutorial authority for municipal prosecutors at OCGA § 15-18-96:

(a) The prosecuting attorney of a municipal court shall have the duty and authority to represent the municipality:

(1) In the municipal court:

(A) *In the prosecution of any violation of the laws or ordinances of such municipality which is within the jurisdiction of such municipal court* and punishable by confinement or a fine or both or by a civil penalty authorized by Code Section 40-6-163; and

(B) In the prosecution of *any violation of state laws which by general law municipal courts have been granted jurisdiction to try and dispose* of such offenses, specifically including those offenses described in Chapter 32 of Title 36 and Code Section 40-13-21;

---

[8] (Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013).

. . .

(5) To perform such other duties as are or may be required by law or ordinance or which necessarily appertain to such prosecuting attorney's office.

(b) The prosecuting attorney of a municipal court shall have the authority to:

(1) File, amend, and prosecute any citation, accusation, summons, or other form of charging instrument *authorized by law for use in the municipal court*;

(2) Dismiss, amend, or enter a nolle prosequi on any accusation, citation, or summons filed in the municipal court as provided by law, except that the prosecuting attorney of a municipal court shall not have the authority to dismiss or enter a nolle prosequi in any case in which the accused is charged with a violation of state law other than one which the municipal court has jurisdiction to try and dispose of such offense without the consent of the proper prosecuting officer having jurisdiction to try and dispose of such offense. As used in this paragraph, the term "proper prosecuting officer" means, in the case of felonies, the district attorney and, in the case of misdemeanors, the solicitor-general in counties where there is a state court, or in counties where there is no solicitor-general, the district attorney;

. . .

(4) Request and utilize the assistance of any other municipal prosecutor, solicitor-general, assistant solicitor-general, district attorney, assistant district attorney, or other attorney employed by an agency of this state or its political subdivisions or authorities in the prosecution of any criminal action.[9]

Nothing in the plain language of OCGA § 15-18-96 grants City of Atlanta municipal prosecutors the authority to charge the misdemeanor of criminal trespass as it cannot be tried in the municipal court. Appellee relies on the imprecise language of subsection (a) (5) as granting municipal prosecutors authority to upgrade city code violations to any misdemeanor charge. Such a broad interpretation would render meaningless the other sections of the statute which specifically define narrow prosecutorial authority. This Court "must [ ] interpret the statute as a whole, striving to make all its parts harmonize and to give a sensible and intelligent effect to each part, and to avoid constructions that make some language mere surplusage."[10] Moreover, subsection (a) (5) only confers authority to perform duties that "are or may be

_____

[9] (Emphasis supplied.)

[10] (Citations and punctuation omitted.) *State of Ga. v. Free At Last Bail Bonds*, 285 Ga. App. 734, 737 (647 SE2d 402) (2007).

required by law or ordinance or which necessarily appertain to such prosecuting attorney's office." Because no law or ordinance permits, let alone requires, municipal prosecutors to charge the misdemeanor of criminal trespass, doing so would not "appertain" to the municipal prosecutor's office.

Appellee also argues that OCGA §§ 17-7-22;[11] 17-7-23 (a);[12] and 36-32-1 (g)[13] — all of which concern a municipal court's role as a court of inquiry to make probable

---

[11] OCGA § 17-7-22: "Any mayor, recorder, or other proper officer presiding in any court of a municipal corporation shall have authority to bind over or commit to jail offenders against any criminal law whenever, in the course of an investigation before such officer, a proper case therefor is made out by the evidence."

[12] OCGA § 17-7-23 (a): "The duty of a court of inquiry is simply to determine whether there is sufficient reason to suspect the guilt of the accused and to require him to appear and answer before the court competent to try him. Whenever such probable cause exists, it is the duty of the court to commit."

[13] OCGA § 36-32-1 (g):
Any municipal court operating within this state that has jurisdiction over the violation of municipal or county ordinances or such other statutes as are by specific or general law made subject to the jurisdiction of municipal courts, and that holds committal hearings in regard to such alleged violations, must provide to the accused the right to representation by a lawyer, and must provide to those accused who are indigent the right to counsel at no cost to the accused. Such representation shall be subject to all applicable standards adopted by the Georgia Public Defender Council for representation of indigent persons in this state.

cause determinations — demonstrate that the General Assembly anticipated that at times a municipal prosecutor would have a duty to present an accusation charging a state law offense. While those statutes anticipate that municipal courts may serve as courts of inquiry over cases involving charges that cannot be prosecuted in the municipal court, nothing in the language of those statutes broadens the prosecutorial authority of municipal prosecutors. Indeed, OCGA § 15-18-96 (b) (4) authorizes municipal prosecutors to "[r]equest and utilize the assistance of any . . . solicitor-general, assistant solicitor-general, district attorney, [or] assistant district attorney" — prosecutors who do have authority to charge state law offenses and seek transfer of a case to a different court upon a finding of probable cause.

Appellee's reliance on OCGA § 17-7-71 (f) is also misplaced. That general statute provides that,

> [p]rior to trial, the prosecuting attorney may amend the accusation, summons, or any citation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation, summons, or citation.

The statute's reference to "*any offense* arising out of the same conduct of the defendant" does not, on its face, expand the limited prosecutorial authority delineated in OCGA § 15-18-96. To the extent OCGA § 17-7-71 (f) could be read as broadly as Appellee contends, so as to create a conflict with OCGA § 15-18-96, the latter is a specific statute which "will prevail over a general statute, absent any indication of a contrary legislative intent."[14]

To the extent the superior court found that this Court reached the opposite conclusion in *Paris v. City of Atlanta*,[15] such is a misinterpretation of the case. Indeed, although the parties in *Paris* also disputed the prosecutorial authority of municipal prosecutors, in that case this Court explicitly stated "[w]e need not decide whether [OCGA § 17-7-71 (f)] grants municipal prosecutors authority to accuse state law crimes generally"[16] because, there, the municipal court had no evidence before it which would have permitted a finding of probable cause to allow the case to be

---

[14] (Citation and punctuation omitted.) *Griffin v. State*, 374 Ga. App. 138, 141 (910 SE2d 241) (2024).

[15] 368 Ga. App. 637 (889 SE2d 187) (2023).

[16] Id. at 641.

transferred to the state court.[17] In other words, in *Paris* this Court reversed the superior court on an alternate legal basis; the *Paris* Court did not reach the legal question presented here.

Given that the municipal prosecutor did not have authority to charge the misdemeanor of criminal trespass, the superior court erred in remanding the case to the municipal court to proceed on such a charge. The order of the superior court is hereby reversed. Further, given the municipal prosecutor's clear election to proceed on what it characterizes as a superseding accusation charging criminal trespass, instead of on the citation for city code violations, it cannot now complain that the municipal court erred in dismissing the originally charged code violations.[18]

---

[17] The superior court's instruction in this case authorizing the municipal court to transfer the case to state court without being presented evidence of probable cause was violative of the holding in *Paris*.

[18] See *Rice v. State*, 366 Ga. App. 360, 362 (2) (883 SE2d 42) (2023) ("An indictment obtained without the dismissal of a prior indictment is a superseding indictment. A grand jury is not prevented from returning another indictment against an accused, even though an indictment is pending, where there has been no jeopardy upon the first indictment, and the existence of a prior indictment generally is not grounds for quashing the second indictment, although the state may be required to elect upon which indictment it will proceed.") (citation and punctuation omitted); *State v. Daniels*, 281 Ga. App. 224, 225 (1) (635 SE2d 835) (2006) (holding that the State could not complain about the dismissal of charges from an original indictment which "was induced by the prosecutor's offer to nolle pros that instrument[ ]"

2. In light of our holding in Division 1, we need not reach Butler's remaining claim of error.

*Judgment reversed. Brown, C. J., and Barnes, P. J., concur.*

---

because "[i]t is well settled that induced error is impermissible and furnishes no ground for reversal[.]").