### A98A2248. BROWN v. THE STATE.
#### (514 SE2d 236)

RUFFIN, Judge.

Melvin Brown was convicted of driving under the influence of alcohol and violating the Georgia Driver's License Act by driving after being declared a habitual violator. He appeals, contending that there was insufficient evidence to show that he was the driver and that the trial court erred in considering his prior convictions in aggravation of sentence. For reasons discussed below, we affirm.

1. Brown does not contest the sufficiency of the evidence as to his impairment, but argues that the evidence was insufficient to show that he was driving.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Punctuation omitted.) *Thrasher v. State,* 225 Ga. App. 717-718 (1) (484 SE2d 755) (1997).

Officer Todd Hunt testified that, on the night of April 1, 1997, he saw Brown's vehicle run through a red light. Hunt turned on his blue lights and siren and began following the vehicle. Hunt could tell that a male was driving the vehicle. The vehicle turned into the parking lot of a convenience store, and Hunt saw the driver get out of the vehicle through the driver's door and attempt to run into the woods behind the store. Hunt and another officer, Sergeant Willie Smith, apprehended this individual, and identified him at trial as Brown.

Hunt testified that, when he saw Brown exit the driver's door, he noticed another individual in the passenger seat. After he apprehended Brown, he noticed that this individual had moved into the driver's seat. Hunt arrested Brown and the second individual, who was identified as Edna Bankston, Brown's girlfriend. Hunt testified that there was no doubt in his mind that Brown was the driver of the vehicle.

Bankston and Brown both testified that Bankston was driving on the night in question, and that Brown exited the vehicle from the passenger door, not the driver's door.

Although the evidence was conflicting regarding who was driving the car,

> [i]t is the function of the jury to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony. This court must view the evidence in a light most favorable to the jury's verdict. Viewing the evidence in that light, we are satisfied that any rational trier of fact could have found defendant guilty beyond a reasonable doubt.

(Citation and punctuation omitted.) *Harris v. State*, 190 Ga. App. 516, 517 (1) (379 SE2d 600) (1989).

2. During the sentencing phase, the State offered certified copies of three prior guilty pleas by defendant, relating to convictions for violation of the Georgia Controlled Substances Act (VGCSA), entering an automobile with the intent to commit theft, and theft by retaining stolen property. Brown objected to the admissibility of the VGCSA and entering an automobile convictions, contending that the State failed to satisfy its burden of proving that the pleas were voluntary. Brown did not present any evidence to support his objection, but simply argued that the State had the burden to prove voluntariness. Brown did not object to the admissibility of the theft by retaining stolen property conviction. The trial court overruled Brown's objection and sentenced him to five years on the Driver's License Act charge and twelve months on the DUI charge, to be served consecutively, with the first three years of the sentence to be served in confinement and the balance on probation.

In *Pope v. State*, 256 Ga. 195 (345 SE2d 831) (1986), our Supreme Court held that

> [a] plea of guilty that is invalid under *Boykin* [*v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969)] may not be used to enhance punishment in a subsequent trial. . . . [O]nce the defendant raises the issue of intelligent and voluntary waiver with respect to prior guilty pleas, the burden

is on the state to establish a valid waiver. *Boykin* states that "(p)resuming waiver from a silent record is impermissible." Id. at 242.

(Punctuation omitted.) *Pope* at 209-210 (17).

After the decision in *Pope*, however, the United States Supreme Court clarified its holding in *Boykin*, stating that "*Boykin* does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained." *Parke v. Raley*, 506 U. S. 20, 30 (113 SC 517, 121 LE2d 391) (1992). Thus, the U. S. Supreme Court held that "the Due Process Clause permits a State to impose a burden of production on a recidivism defendant who challenges the validity of a prior conviction under *Boykin*." Id. at 34.

In *Nash v. State*, 233 Ga. App. 75 (503 SE2d 23) (1998), cert. granted, this Court considered the effect of *Parke* on the Supreme Court of Georgia's decision in *Pope*. Because *Pope* was based on an interpretation of the United States Constitution, and the U. S. Supreme Court had subsequently interpreted the Constitution in a different manner, a unanimous Court of Appeals held that *Parke* was controlling, and that, when considering the admissibility of a prior guilty plea for purposes of recidivist sentencing, a trial court is "authorized to . . . apply the presumption of regularity which is deeply rooted in our American jurisprudence and in Georgia is codified in OCGA § 24-4-24 (b) (1)." (Footnote and punctuation omitted.) *Nash*, supra at 79.[1]

Although the Supreme Court's decision in *Mize v. State*, 269 Ga. 646, 657 (15) (501 SE2d 219) (1998) may implicitly call into question our decision in *Nash*, the Supreme Court did not overrule *Nash* in that case, nor did it consider the U. S. Supreme Court's decision in *Parke*. Accordingly, and in light of the fact that the Supreme Court of Georgia has granted certiorari in *Nash*, we adhere to our unanimous decision in *Nash*. See OCGA § 15-3-1 (unanimous whole-court decision may not be "overruled or materially modified except with the concurrence of all the Judges"). The trial court in this case was authorized to apply a presumption of regularity to the prior convictions. Because Brown offered no evidence to rebut such presumption,

---

[1] Although Brown suggests that *Pope* was based in part on the Georgia Constitution, it is clear that the Supreme Court based its decision in *Pope* solely on the U. S. Constitution. *Pope*, supra at 209-210 (17). Brown makes no separate argument on appeal as to how admission of the pleas violated the Georgia Constitution, and did not invoke the Georgia Constitution when objecting to the admissibility of the pleas at trial. Although he cited the Georgia Constitution in his motion for new trial, he made no separate argument that admitting the pleas violated the Georgia Constitution, apart from his reliance on *Pope*. The trial court made no specific ruling with respect to the Georgia Constitution.

the trial court did not err in admitting such pleas. *Nash*, supra.
*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 11, 1999 —
RECONSIDERATION DENIED MARCH 30, 1999 — 

*John W. Donnelly*, for appellant.
*Harry N. Gordon, District Attorney, John A. Pursley, Assistant District Attorney*, for appellee.