A99A2362. BRADY v. THE STATE.

(527 SE2d 214)

BLACKBURN, Presiding Judge.

Terry Wayne Brady appeals his conviction, following a jury trial, for the misdemeanor offense of driving while a habitual violator. OCGA § 40-5-58. Brady contends that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Brady] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence shows that Lieutenant Mark Sanford stopped Brady while he was driving his car on April 9, 1998. When asked for identification, Brady responded that his license had been suspended. Subsequent investigation showed that, on January 16, 1989, the Department of Public Safety revoked Brady's license for a minimum of five years and declared him an habitual violator. Brady received

notification of this revocation on June 30, 1989. A computer printout of the Department of Public Safety's file on Brady's driving violation includes no notation showing a renewal or reinstatement of Brady's license after its revocation. To the contrary, it indicates that Brady repeatedly drove without a valid license after the initial revocation. Based on this evidence, the jury was authorized to determine that Brady never received a valid license after his original license was revoked in 1989.

> This Court has repeatedly held that the essence of the offense [of driving while an habitual violator] is driving after being notified that one may not do so because, by doing so, one is flouting the law even if one or more of the underlying convictions is voidable or void. The State is required to prove only that the accused was declared an habitual violator and operated a vehicle without having obtained a valid driver's license.

(Citations and punctuation omitted.) *Hollis v. State*, 234 Ga. App. 269, 270 (1) (505 SE2d 837) (1998). In this case, as discussed above, there was evidence supporting the jury's determination that Brady's license was revoked in 1989, that it was never reinstated or renewed, and that Brady drove his car on April 9, 1998, without a valid license. Accordingly, the elements of Brady's crime were sufficiently shown, and his conviction must stand.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 9, 1999.

*Jeffrey L. Floyd,* for appellant.
*Roger G. Queen, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney,* for appellee.