## A98A2248. BROWN v. THE STATE.
### (536 SE2d 253)

RUFFIN, Judge.

In *Brown v. State,*[1] we held that the evidence was sufficient to support Melvin Brown's convictions for driving under the influence of alcohol and violating the Georgia Driver's License Act. In addition, we held that the trial court properly considered evidence of Brown's prior guilty pleas in aggravation of sentence, despite Brown's claim that the State failed to carry its burden of proving that the pleas were voluntary.[2] The Supreme Court vacated our judgment and remanded the case for reconsideration in light of its subsequent holding in *Nash v. State.*[3] Because the Supreme Court's decision did not address Division 1 of our prior opinion, we reaffirm our holding therein that the evidence was sufficient to authorize Brown's convictions. As discussed below, however, we remand the case to the trial court to allow Brown the opportunity to present evidence regarding the voluntariness of his guilty pleas.

In *Nash*, the Supreme Court overruled its prior decision in *Pope v. State,*[4] holding that "the burden in non-death penalty cases is on the recidivism defendant rather than the State to prove by a preponderance of the evidence that a previous guilty plea was not knowingly and voluntarily entered."[5] The Court adopted the following scheme for allocating the burden of proof in such cases:

> [T]he burden is on the State to prove both the existence of the prior guilty pleas and that the defendant was repre-

---

[1] 237 Ga. App. 322-323 (1) (514 SE2d 236) (1999).
[2] Id. at 323-325 (2).
[3] 271 Ga. 281 (519 SE2d 893) (1999).
[4] 256 Ga. 195, 209-210 (17) (345 SE2d 831) (1986).
[5] *Nash*, supra.

sented by counsel in all felony cases and those misdemeanor proceedings where imprisonment resulted. Upon such a showing, the presumption of regularity is then applied and the burden shifts to the defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Defendant can attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence. A silent record or the mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient. If the defendant is able to present evidence that a constitutional infirmity exists, then the burden of proving the constitutionality of the plea shifts to the State.[6]

Although the defendant in *Nash* was represented by counsel in connection with the prior guilty plea, the Court noted that "the parties were operating under *Pope* [when the guilty plea was admitted] and thus no evidence was adduced by Nash to carry his burden of proving a constitutional infirmity in the earlier plea."[7] Therefore, the Court remanded the case "to allow Nash an opportunity to attempt to meet his burden of production at a hearing to be held consistent with this opinion."[8]

In this case, the guilty pleas reflect that Brown was represented by counsel at the time the pleas were entered. As we noted in our original ruling, Brown presented no evidence that the pleas were not voluntary, but simply argued that the State had the burden to prove voluntariness. As in *Nash*, however, Brown was "operating under *Pope*" at the time the pleas were offered into evidence. Therefore, we must remand this case to the trial court to allow Brown "an opportunity to attempt to meet his burden of production at a hearing to be held consistent with" the burden-shifting framework established in *Nash*.[9]

*Judgment affirmed in part and remanded in part with direction. Pope, P. J., and Ellington, J., concur.*

---

[6] (Citations and punctuation omitted.) Id. at 285.

[7] Id. at 286.

[8] Id.

[9] In *Gillman v. State*, 239 Ga. App. 880, 883 (2) (a) (522 SE2d 284) (1999), we held that a remand was not necessary. We noted, however, that the defendant in that case, unlike in *Nash*, took the stand and testified as to why he believed his plea was not voluntary. In this case, Brown offered no evidence in support of his contention that his pleas were involuntary, but simply relied on *Pope*'s holding that the State had the burden of proving voluntariness. Under these circumstances, a remand is necessary under *Nash*.

DECIDED JUNE 22, 2000.

*John W. Donnelly*, for appellant.

*Harry N. Gordon, District Attorney, John A. Pursley, Assistant District Attorney*, for appellee.