### A03A1609. BUGGAY v. THE STATE.
(588 SE2d 244)

ADAMS, Judge.

Steve Cannon Buggay, Jr. was found guilty of misdemeanor fleeing or attempting to elude a police officer, driving under the influence of alcohol, felony habitual violator, no proof of insurance, and felony fleeing or attempting to elude to avoid arrest while a felony habitual violator. For sentencing purposes, the trial court merged the misdemeanor and felony convictions for fleeing or attempting to elude. In this pro se appeal, Buggay's primary contention is that the trial court erred in merging his convictions and in imposing sentence.

On appeal, the evidence must be viewed in a light most favorable to the verdict and Buggay no longer enjoys the presumption of innocence. *Preacher v. State*, 258 Ga. App. 258 (573 SE2d 498) (2002). So considered, the evidence established that on May 27, 1997, while in jail, Buggay was personally served with official notice of a five-year revocation of his license.[1] During the period Buggay's license was revoked, a cashier at a Texaco convenience store contacted police on December 29, 1998, to report that the driver of a white utility van, later determined to be Buggay, left without paying for his gasoline. After calling police, the cashier followed Buggay to a nearby Chevron

---

[1] Unbeknown to the jury, Buggay's criminal past included guilty pleas to driving with suspended/revoked license, three DUIs, felony with vehicle, reckless driving, and manslaughter with vehicle.

station. After the cashier confronted Buggay about paying for the gasoline, Buggay drove off. While en *route* to the Texaco incident, Officer Richard Alicea heard a radio report of a disturbance at the Chevron and drove there in his marked patrol vehicle. The cashier rushed over to him, saying "[t]hat's the guy that stole my gas." Alicea testified, "at that point, I observed the van take off, turn his lights off." After seeing the van violate a red traffic signal while having its lights off, Alicea decided to follow. According to Alicea, Buggay was driving "at a high rate of speed in a reckless manner." Despite Alicea's use of his unit's siren and flashing lights, Buggay continued driving. After additional officers converged, Buggay eased his van to a gradual stop then suddenly sped away. When Buggay drove in excess of 100 mph in heavy traffic, Alicea slowed down, hoping Buggay would do likewise. As the traffic congestion lessened, Alicea was able to close the gap and saw Buggay disregard yet another red light. When Buggay tried to negotiate the turn onto the entrance ramp to I-675 while driving at an estimated 95 to 100 mph, he lost control of his van and crashed into a ditch along a tree line. After Buggay fled on foot, crossing all lanes of I-675, Officer Roger Pike managed to grab him. Pike testified that "[a]s I was placing the subject under arrest, I smelled a strong odor of alcohol coming from his person and breath." Pike recalled that after Buggay was in custody, he "could barely stand up on his own" and "kept falling back down on the ground."

Alicea, who took Buggay to a hospital, described Buggay as having a "tremendous odor of alcoholic beverage on him" and being "very combative." Alicea advised Buggay of his implied consent rights and asked him to submit to a blood test, but Buggay refused to be tested. Buggay could not produce proof of insurance or a valid license. The jury convicted Buggay of all charges except the theft count.

1. Buggay contends that the trial court committed reversible error by sentencing him under OCGA § 40-6-395 (b) (5) (A) and OCGA § 40-6-395 (a) in violation of OCGA § 16-1-7 (a).

Buggay misperceives the law and misstates the facts. Each crime constituted a separate offense for which Buggay could lawfully be prosecuted without offending OCGA § 16-1-7 (a). While Buggay could be tried for both offenses, he could not be sentenced for both. See *Chadwick v. State*, 236 Ga. App. 199, 202 (3) (511 SE2d 286) (1999). As the State concedes, Count 2, the conviction for misdemeanor fleeing or attempting to elude, merged with the felony conviction for fleeing or attempting to elude, Count 6. Because all of the evidence was used up to prove the crime of felony fleeing or attempting to elude, the misdemeanor conviction for fleeing or attempting to elude merged into the greater offense. See *Thomas v. State*, 255 Ga. App. 777, 780 (3) (567 SE2d 72) (2002).

At sentencing, although the trial court initially stated that it was sentencing Buggay to serve 12 months on Count 2, the record shows that the court did not do so. The final disposition form dated the same day as the sentencing hearing states, "CT. 2 MERGED WITH CT. 6." As established by the final disposition form, the trial court merged the two convictions and sentenced Buggay solely on Count 6, the felony count of fleeing or attempting to elude and not on Count 2, the misdemeanor count. Apparently, the trial court erred in pronouncing sentence on the lesser included offense but then rectified that mistake almost immediately. See *Schamber v. State*, 152 Ga. App. 196 (262 SE2d 533) (1979) (sentence may be amended any time before the end of term and before execution has begun). The record plainly belies Buggay's claim that the trial court sentenced him for both crimes.

2. In two overlapping claims enumerated as error, Buggay contends that the trial court erred by sentencing him under OCGA § 40-6-395 (b) (5) (A) when he stood convicted of OCGA §§ 40-6-395 (a) and 40-5-58. Buggay claims that the trial court should have merged his conviction for felony fleeing or attempting to elude with his conviction for felony habitual violator. He also mistakenly argues that the crime of felony habitual violator does not constitute a "felony offense other than a violation of this chapter [(Uniform Rules of the Road)]." OCGA § 40-6-395 (b).

When two convictions are based upon the same, single act, only one conviction is authorized. See *Garrett v. State*, 188 Ga. App. 176, 177 (3) (372 SE2d 506) (1988). Under OCGA § 16-1-6, one crime is included in another when it is established by proof of the same or less than all the facts required to establish the commission of the crime charged. See *Chadwick*, 236 Ga. App. at 202 (3).

Here, Count 4 charged Buggay with the offense of felony habitual violator by unlawfully operating a motor vehicle within five years of receiving notification that his driver's license had been revoked for five years. In prosecutions under OCGA § 40-5-58 (c), the State is required to prove only that the accused was declared an habitual violator, was properly notified of such status, and operated a vehicle without having obtained a valid driver's license. *Hollis v. State*, 234 Ga. App. 269, 270 (1) (505 SE2d 837) (1998). In establishing this crime, the State offered a properly certified document showing the revocation of Buggay's license for five years and proof that Buggay drove his vehicle during that period without a valid license. "Accordingly, the elements of [Buggay's] crime were sufficiently shown, and his conviction must stand." *Brady v. State*, 241 Ga. App. 387, 388 (527 SE2d 214) (1999).

A felony conviction under OCGA § 40-6-395 (b) (5) (A), however, requires proof of additional elements: the driver committed a misde-

meanor while fleeing or attempting to elude; the driver is trying to escape arrest for a felony offense other than a violation of the Uniform Rules of the Road; and the driver committed one of four prohibited acts. Here, Count 6, as framed in the indictment, required proof that Buggay committed the offense of fleeing or attempting to elude a police officer while trying to escape arrest for the offense of felony habitual violator while "fleeing in traffic conditions which placed the general public at risk of receiving serious injuries." Thus, the indicted offense required proof of additional material elements and did not merge with the felony habitual violator conviction. See *State v. Tiraboschi*, 269 Ga. 812, 814 (504 SE2d 689) (1998).

Also, the sentence for felony grade fleeing or attempting to elude cannot be merged with that of another offense. By law,

> [f]ollowing adjudication of guilt or imposition of sentence for a violation of subparagraph (A) of this paragraph, the sentence [for felony grade fleeing or attempting to elude] shall not be suspended, probated, deferred, or withheld, and the charge shall not be reduced to a lesser offense, merged with any other offense, or served concurrently with any other offense.

OCGA § 40-6-395 (b) (5) (B). There was no error.

3. Buggay contends that the trial court erred at sentencing "by merging OCGA § 40-6-395 (b) (5) [(A)] into OCGA § 40-6-395 (a) in violation of Code Section 40-6-395 (b) (5) [(A)]." Since the record shows that the trial court did not merge the greater offense into the lesser one, this claim lacks any basis in fact or law.

4. Buggay contends that the trial court committed reversible error by changing the final disposition and sentence in violation of OCGA § 17-10-1 (a) (6) (A) and in violation of federal and state constitutional prohibitions against double jeopardy. He claims that his trial lawyer told him that his sentence was six years to serve with no probation. Buggay asserts that while incarcerated, his prison counselor told him that his sentence had been changed and increased to require more time on probation. Buggay complains that he exited the courtroom under one sentence only later to learn that his sentence had been changed to require additional time on probation.[2]

Regardless of whether his lawyer may have misinformed Buggay about his sentence, the record refutes Buggay's claim that the probated portion of his sentence was increased subsequent to sentenc-

---

[2] The jury convicted Buggay on November 18, 1999, and he was sentenced on January 31, 2000. Buggay stated in his appellate brief that he was released on parole on April 18, 2001.

ing. The trial court orally sentenced Buggay on Count 4, the felony habitual violator conviction, to serve three years in prison and two years on probation. The final disposition form shows that Buggay received exactly that sentence on Count 4.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 10, 2003 —
RECONSIDERATION DENIED OCTOBER 3, 2003.

Steve C. Buggay, Jr., *pro se.*

*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney*, for appellee.