A06A0453. STRIPLING v. THE STATE.
(632 SE2d 747)

RUFFIN, Chief Judge.

William Stripling appeals his convictions for speeding and for being an habitual violator by operating a motor vehicle after his driver's license was revoked. He challenges the sufficiency of the evidence to support his conviction as an habitual violator and contends that the jury was improperly charged as to the State's burden of proof. He also claims he was incorrectly sentenced on the speeding count. Finding no error, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and [the defendant] no longer enjoys the presumption of innocence."[1] We do not weigh the evidence or evaluate the credibility of witnesses; we only determine whether there is competent evidence to establish the elements of the crime beyond a reasonable doubt.[2] So viewed, the evidence shows that Stripling was stopped by Officer William Pierce for speeding in Norman Park on July 5, 2004. Stripling showed Officer Pierce a

[1] *Brown v. State*, 237 Ga. App. 322, 322 (1) (514 SE2d 236) (1999).
[2] See id.

driver's license issued to him by the State of Florida. After administering a roadside breath test, which was positive for alcohol, Officer Pierce arrested Stripling and transported him to the Colquitt County jail. At the jail, Stripling was given an intoxilyzer test which showed his blood alcohol level to be 0.075, and he was charged with driving under the influence of alcohol to the degree it was less safe for him to drive.

Stripling was subsequently charged with operating a motor vehicle while an habitual violator. At trial, the State introduced a copy of the notice Stripling received declaring him an habitual violator as of June 24, 2002, informing him that it was unlawful for him to operate a motor vehicle in Georgia, and stating that he would be eligible for reinstatement of his driving privileges after a minimum of five years. Stripling admitted that he received the notice.

The jury found Stripling guilty of both speeding and operating a motor vehicle while an habitual violator, and not guilty of driving under the influence of alcohol. On the habitual violator count, the trial court sentenced Stripling to five years, with fifteen months to serve; on the speeding count, Stripling was sentenced to one year, with one day to serve and the remaining 364 days on probation.

1. Stripling claims the evidence was insufficient to support his conviction for driving while an habitual violator because the State did not prove that he did not have a valid driver's license. The elements of the offense include operating a motor vehicle after having been notified that one's driver's license has been revoked, without having subsequently received a valid license.[3] Stripling argues that because there was evidence he had a valid Florida driver's license, the State failed to prove an essential element of the offense. However, the result here is governed by OCGA § 40-5-65, which provides that

> [a]ny resident or nonresident whose driver's license or privilege to operate a motor vehicle in this [S]tate has been suspended or revoked as provided in this chapter shall not operate a motor vehicle in this [S]tate under a license or permit issued by any other jurisdiction or otherwise during such suspension or after such revocation until the license is restored when and as permitted under this chapter.

The law is clear that possession of a valid license from another state is not a defense to an habitual violator charge and creates no presumption that the defendant is authorized to drive in Georgia.[4]

---

[3] See OCGA § 40-5-58 (c) (1); *Brady v. State*, 241 Ga. App. 387, 388 (527 SE2d 214) (1999).

[4] See *Tootle v. State*, 203 Ga. App. 497, 498 (417 SE2d 433) (1992).

Stripling also contends that the State was required to produce affirmative evidence that he had not obtained a valid Georgia driver's license in accordance with OCGA § 40-5-58 (e) (1).[5] But Stripling testified that he had never even inquired about having his driving privileges reinstated through the State of Georgia. Thus, there was some evidence from which the jury could infer that Stripling's Georgia driving privileges had not been restored.[6] Because the State established that Stripling "operated a vehicle in Georgia after having been declared an habitual violator and before having his driving privilege restored by the Department of Public Safety," the evidence was sufficient to support his conviction.[7]

2. In a related enumeration of error, Stripling alleges that the trial court erred in charging the jury that

once an individual has been declared a[n] habitual violator and been given proper notice thereof, they may not thereafter avoid prosecution for driving a motor vehicle in this State by merely having in their possession an ostensibly valid license from another state. They may only legally operate a vehicle in Georgia if the Georgia Department of Public Safety re-authorizes them to do so.

Stripling argues that this charge relieved the State of its burden to prove that his right to drive in Georgia had not been reinstated. As discussed in Division 1, however, the above charge is a correct statement of the law, and the State adequately demonstrated that Stripling's Georgia driving privileges had not been restored. We thus find no merit to this enumeration of error.[8]

3. Finally, Stripling asserts that he was improperly sentenced for speeding. Stripling was found guilty of misdemeanor speeding and received a one-year sentence. The maximum sentence for a misdemeanor is not to exceed twelve months.[9]

Stripling has cited no authority for the proposition that a sentence of one year exceeds the twelve-month limit for a misdemeanor

---

[5] The Code section provides for the issuance of a probationary license after two years of a five-year revocation have elapsed and only if numerous conditions are met. See OCGA § 40-5-58 (e) (1). Among these conditions are the completion of a defensive driving course, the submission of a sworn affidavit regarding drug and alcohol use, proof of financial responsibility, and payment of a substantial fee. See id. at (e) (1) (C), (E), (F) and (e) (2). Presuming he satisfied the other requirements, Stripling would have become eligible to apply for such a license on June 24, 2004, less than two weeks before he was stopped by Officer Pierce.

[6] See *Lyons v. State*, 248 Ga. App. 59, 60 (1) (d) (545 SE2d 614) (2001).

[7] *Goblet v. State*, 174 Ga. App. 675, 676 (1) (331 SE2d 56) (1985).

[8] See *Parks v. State*, 180 Ga. App. 31, 32-33 (5) (348 SE2d 481) (1986).

[9] See OCGA § 17-10-3 (a) (2).

sentence. As Stripling's sentence of 365 days, one day to serve and 364 on probation, does not exceed twelve months, we conclude that it is a valid misdemeanor sentence.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 16, 2006.

*Jon W. McClure*, for appellant.

*J. David Miller, District Attorney, Brian A. McDaniel, Assistant District Attorney*, for appellee.