**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 20, 2015**

# In the Court of Appeals of Georgia

A14A1713. MUNNA v. THE STATE.

BARNES, Presiding Judge.

Following his bench trial on stipulated facts, Sewdatt Munna was found guilty of two counts of habitual impaired driving, driving under the influence and failure to maintain lane. He now appeals from the denial of his motion for new trial, and contends that the trial court erred in denying his motion to dismiss the indictment on constitutional speedy trial grounds. Munna also maintains that the evidence was insufficient to sustain his conviction for habitual impaired driving. Following our review, we conclude that the evidence was sufficient to support Munna's conviction, but we vacate the denial of Munna's speedy trial motion for discharge and acquittal and remand this case with direction.

The record demonstrates that on April 17, 2010, Munna was stopped by an officer with the Loganville Police Department, and ultimately arrested for driving under the influence to the extent he was a less safe driver and failure to maintain a

lane. His driver's license, which the officer confiscated, identified him as Sewdatt Munna, but the police department employee who was downloading his arrest photograph recognized Munna's uncommon first name. She searched and found files of Munna's three previous arrests – February 3, 2007, December 11, 2008, and January 7, 2010 – for DUI, but they were filed under the last name "Mathura." Based on this information, on June 3, 2010, Munna was arrested when he appeared in court for the April 17, 2010 DUI and charged with habitual impaired driving. During the subsequent search of his person and car incident to Munna's arrest for habitual impaired driving, police recovered several forms of identification, including two credits cards, one in the "Mathura" name and one in the "Munna" name, and a drivers license in the "Mathura" name. Additionally, an investigator with the Georgia Department of Drivers' Services testified that on August 20, 2009, "Sewdatt Mathura" had been personally served with notice of his habitual violator status pursuant to OCGA § 40-5-58 (the Drivers' License Act) and that his driver's license

had been revoked for a minimum of five years.[1] The trial court found him guilty as charged.

1. Munna contends that the evidence was insufficient to sustain his conviction for habitual impaired driving because he possessed a valid driver's license in the name "Sewdatt Munna." According to Munna, even if he was a habitual violator with a revoked license, he was permitted to drive under OCGA § 40-5-58 (c) if he was subsequently issued a valid driver's license, irrespective of whether the license was under a different name. We do not agree.

Except as otherwise provided, "it shall be unlawful for any person to operate any motor vehicle in this state after such person has received notice that his or her driver's license has been revoked as provided in [OCGA § 40-5-58 (b)], if such person has not thereafter obtained a valid driver's license." OCGA § 40-5-58 (c). At the relevant time, OCGA § 40-5-58 (b) provided pertinently that,

> [w]hen the records of the department disclose that any person . . . is a habitual violator as defined [by statute], the department shall forthwith notify such person that upon the date of notification such person has

---

[1] Under OCGA § 40-5-58 (a), "habitual violator" means a person who has been arrested and convicted three or more times within a five-year period of time for certain driving offenses, including driving under the influence of alcohol. See OCGA §§ 40-5-58 (a) (1); 40-6-391.

3

been declared by the department to be a habitual violator, and that henceforth it shall be unlawful for such habitual violator to operate a motor vehicle in this state unless otherwise provided in this Code section.[2]

Although Munna asserts that at the time he was arrested he possessed a valid driver's license and thus the State failed to prove an essential element of habitual violator,

> [t]his Court has repeatedly held that the essence of the offense [of driving while an habitual violator] is driving after being notified that one may not do so because, by doing so, one is flouting the law even if one or more of the underlying convictions is voidable or void. The State is required to prove only that the accused was declared an habitual violator and operated a vehicle without having obtained a valid driver's license.

(Citations and punctuation omitted.) *Hollis v. State*, 234 Ga. App. 269, 270 (1) (505 SE2d 837) (1998). "Valid driver's license," as provided for in OCGA § 40-5-58 (c) refers to a "license which is in the possession of a former habitual violator whose privilege to operate a motor vehicle in this state has been restored by the Department of Public Safety." *Goblet v. State*, 174 Ga. App. 675, 676 (1) (331 SE2d 56) (1985).

---

[2] See Ga. L. 2011, p. 355 § 5 (Act 89) (rewriting OCGA § 40-5-58 (b)).

4

See *Stripling v. State*, 279 Ga. App. 856, 857 (1) (632 SE2d 747) (2006). ( "the law is clear that possession of a *valid* license [even from] from another state is not a defense to an habitual violator charge and creates no presumption that the defendant is authorized to drive in Georgia.")

Accordingly, although Munna was able to navigate the system to obtain the purportedly "valid" "Munna" license, the evidence demonstrates that he was also known to use the "Mathura" name, and had been notified after his third DUI violation as "Mathura" that he was prohibited from driving as a habitual violator. That he had a presumptively "valid" license in another name was no defense to his habitual violator status. The incontrovertible evidence demonstrated that Munna and Mathura were the same person and, as such, Munna was under notice that he was prohibited from driving as a habitual violator. Further, there is no evidence that the "Mathura" license was restored after being revoked. Under these circumstances, we find the evidence sufficient to sustain his conviction.

2. Munna also contends that the trial court erred in finding that his right to a speedy trial had not been violated under the Sixth Amendment because it improperly weighed the *Barker-Doggett* factors.

The evidence demonstrates that Munna was arraigned on September 22, 2010, and both sides announced ready for trial on January 5, 2011. The record then includes a waiver of jury trial filed on May 13, 2013, and a notice of bench trial filed on October 16, 2013, setting Munna's trial for October 25, 2013. Thereafter, on October 17, 2013, Munna filed a motion for discharge and acquittal alleging a constitutional speedy trial violation. On October 25, 2013, the trial court conducted a hearing on the motion for discharge and acquittal, followed by Munna's bench trial on stipulated facts. The record does not evince any reasons for the delay in trying the case, but at the hearing Munna's trial counsel stated that

> he first showed up on the trial calendar in May 9, 2011. His case was not reached. Almost a year later, he appeared on two trial calendars within a months time, on April 23, 2012 and May 14, 2012, but again, his case was not reached. A year later, on May 13, 2013, his case was called in for trial, and not reached, and . . . [his] bench trial was initially scheduled . . . on August 2, 2013, but was continued . . . by consent because [the prosecutor] had a medical issue.

The State did not rebut any of Munna's factual assertions, but instead argued that, in balancing the *Barke*r factors, Munna's delay in asserting his right to a speedy trial should be weighed against him and also that Munna had failed to show that he was prejudiced by the delay in the trial. The trial court responded that,

6

[a]fter the review of the motion, and the hearing argument in this case, I find that the time delay was presumptively prejudicial[;] however, we will go to the balancing tests. I find the delay was not uncommonly long. I also find that [Munna] asserted his right approximately 8 days ago. I also find that there is no prejudice suffered as a result of the delay. Therefore, I am going to deny your motion.

The trial court did not enter an order denying the motion.

In his motion for new trial, Munna maintained as error the general grounds, as well as the trial court's denial of his motion for discharge and acquittal. In its order denying Munna's motion for new trial, the trial court did not specifically address the Sixth Amendment challenge, but found that "each error complained of by [Munna] to be without merit."

Every constitutional speedy trial claim is subject to a two-tiered analysis as set forth in the United States Supreme Court decisions *Barker v. Wingo*, 407 U. S. 514 (92 SCt 2182, 33 LEd2d 101) (1972) and *Doggett v. United States*, 505 U. S. 647 (II) (112 SCt 2686, 120 LEd2d 520) (1992). As for the first tier of the analysis, it must be determined if the delay in question is presumptively prejudicial. If not, there has been no violation of the constitutional right to a speedy trial and the second tier of analysis is unnecessary. If, however, the delay is determined to be presumptively prejudicial, then the [trial] court must engage the second tier of analysis by applying a four-factor balancing test to the facts of the case. Those four factors include: (1) whether the

7

delay is uncommonly long; (2) reason for delay/whether the government or the defendant is more responsible; (3) defendant's assertion of the right to a speedy trial; and (4) the prejudice to the defendant. On appeal, the relevant standard of review is whether the trial court abused its discretion.

(Citations omitted.) *Rafi v. State*, 289 Ga. 716, 716-717 (2) (715 SE2d 113) (2011). In reviewing the trial court's resolution of a speedy trial claim, we must accept the court's findings of fact if the record contains any evidence to support them, and we will defer to the court's "ultimate conclusion . . . unless it amounts to an abuse of discretion, even though we might have reached a different conclusion were the issue committed to our discretion." *State v. Buckner*, 292 Ga. 390, 391 (738 SE2d 65) (2013). With that being so, the trial court's order "must provide sufficient findings of fact and conclusions of law to permit this Court to determine if the trial court properly exercised its discretion under the *Barker* analysis." (Citation omitted; emphasis supplied.) *State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011).

Here, although the trial court found the pretrial delay of 40 months presumptively prejudicial and thus required a second-tier analysis of the *Barker/Doggett* factors, in analyzing these factors it merely pronounced at the conclusion of the hearing on Munna's motion for discharge and acquittal that "the

8

delay was not uncommonly long. I also find that [Munna] asserted his right approximately 8 days ago. I also find that there is no prejudice suffered as a result of the delay." The trial court failed to make findings of fact regarding its conclusion that the delay was not uncommonly long; the trial court failed to indicate whether it attributed the reason for the delay to the State or Munna and what weight it gave to this factor; and the trial court failed to indicate what weight, if any, it gave to the fact that Munna's motion was made eight days before trial. "Absent such findings, there is no exercise of discretion for this Court to review." (Citations and punctuation omitted.) *Higgenbottom v. State*, 288 Ga. 429, 430-431 (704 SE2d 786) (2011).

Accordingly, we find the limited findings made by the trial court insufficient to provide for proper appellate review, and the order denying Munna's motion for new trial is vacated in part as it relates to Munna's speedy trial claim, and the case is remanded for the trial court "to enter findings of fact and conclusions of law consistent with *Barker*." *Higgenbottom v. State*, 288 Ga. at 431.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Boggs and Branch, JJ., concur.*